**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorney for Defendants
NATIONSTAR MORTGAGE LLC;
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR LEHMAN XS TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-5N, *erroneously named LXS 2005-5N*; FORTRESS INVESTMENT GROUP LLC; SOLUTIONSTAR HOLDINGS LLC, *erroneously named Solutionstar Services LLC*; TITLE 365 COMPANY; and XOME HOLDINGS LLC, *erroneously named Xome, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FELICIA TUITAMA, an individual, and LILOI TUITAMA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FORTRESS INVESTMENT GROUP LLC; LXS 2005-5N; NATIONSTAR MORTGAGE LLC; SOLUTIONSTAR SERVICES LLC; BARRETT DAFFIN FRAPPIER TREDER & WEISS LLP; TITLE365 Company, a corporation; XOME, INC., a corporation; NBS DEFAULT SERVICES LLC; and DOES 1-10, | Case No. 2:17-cv-03084-MWF-JPR<br>Assigned to the Hon. Michael W. Fitzgerald<br><br>**DEFENDANTS' REPLY IN SUPPORT THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date:<br>Date:        August 21, 2017<br>Time:       10:00 a.m.<br>Ctrm.:       5A<br><br>FAC Filed:      June 27, 2017<br>Complaint Filed: April 3, 2017<br>Trial Date:     None |

Defendants U.S. Bank National, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-5N, *erroneously named* LXS 2005-5N (**U.S. Bank**); Nationstar Mortgage LLC (**Nationstar**); Fortress Investment Group LLC (**Fortress**); Solutionstar Holdings LLC (*erroneously named* Solutionstar Services LLC)

(**Solutionstar**); Title365 Company (**Title365**); and Xome Holdings LLC (*erroneously named* Xome, Inc.) (**Xome**) (collectively **defendants**) reply in support of their motion to dismiss plaintiffs Felicia and Liloi Tuitama's first amended complaint (**FAC**).

## I. INTRODUCTION

Plaintiffs continue their abuse of the legal process in their opposition. They now allege their theories against defendants have nothing to do with securitization. They instead are based on a substitution of Aurora Loan Services LLC (**Aurora**) as trustee under an unrelated deed of trust. Plaintiffs' clarification only renders their claims more ridiculous. The face of the substitution references a completely different deed of trust than the one at issue in the case. The substitution is entirely unrelated to the deed of trust granting U.S. Bank the power to foreclose. If this is truly the basis for plaintiffs' FAC, all causes of action should be dismissed outright for failure to state a claim.

Plaintiffs' remaining arguments do nothing to save the FAC. They provide no valid basis for holding res judicata does not apply or for challenging the chain of recorded documents. Plaintiffs also fail to explain why they were not required to allege tender before attempting to cancel instruments or quiet title. Their arguments defendants violated the Homeowners' Bill of Rights (**HBOR**) likewise lack any legal support. Plaintiffs fail to even address defendants' argument there are no allegations of wrongdoing against Fortress, Xome, Title365, or Solutionstar and they cannot state a claim for violation of HBOR sections 2924(a)(6) and 2924.12. The FAC should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiffs cannot sue the trust.

Plaintiffs claim they only sued the LXS 2005-5N Trust and not U.S. Bank, the trustee. (Opp. 2, 11.) They argue it is improper to defend U.S. Bank because it is not a party to the action. Plaintiffs' allegations are nonsensical. They cannot sue the trust.

Capacity to sue or be sued is generally determined by the law of the state where the court is located. Fed.R.Civ.P. 17(b); *Green v. Cent. Mortg. Co.*, 148 F.Supp.3d 852,

864 (N.D.Cal. 2015). In California, a trust is not a legal entity and has no capacity to sue or be sued. *Greenspan v. LADT, LLC*, 191 Cal.App.4th 486, 522 (2010) ("A trust … is simply a collection of assets and liabilities. As such, it has no capacity to sue or be sued, or to defend an action.") (internal citations omitted); *see Green*, 148 F.Supp.3d at 864 (dismissing the trust itself as a plaintiff to the action as it had no capacity to sue or be sued). Legal title to property owned by a trust is held by the trustee. *Greenspan*, 191 Cal.App.4th at 522. The proper procedure for suing based on the trust property is to sue the trustee in his or her representative capacity. *See id.* (citing *Galdjie v. Darwish*, 113 Cal.App.4th 1331, 1348 (2003)).

Plaintiffs cannot sue the LXS 2005-5N Trust in its individual capacity, and any claims against the trust individually must be dismissed. *See Green*, 148 F.Supp.3d at 864; *Greenspan*, 191 Cal.App.4th at 522. Plaintiffs were also required to name U.S. Bank to prosecute their claims involving the property. Because plaintiffs' continue to argue U.S. Bank is not being sued in the FAC, the FAC should be dismissed for failure to name a necessary party. *See* Fed.R.Civ.P. 19(a) (requiring the joinder of persons who claim an interest in the subject of the action and who are so situated that disposing of the action in their absence would impede the person's ability to protect the interest).

### B. Plaintiffs' diversity allegations are improper.

Plaintiffs' opposition argues the lawsuit belongs in state court because alleged are not diverse from plaintiffs. (Opp. 4.) Their claims are improper. They have not filed a motion for remand, and an opposition to defendants' motion to dismiss is not the proper vehicle for arguing diversity jurisdiction. *See* L.R. 7-4.

Plaintiffs' claims are also false. Nationstar was a defendant to plaintiffs' original complaint. (ECF No. 1.) Nationstar attested in its notice of removal it is a citizen of Delaware and Texas. (*Id.*) Plaintiffs never filed a motion for remand and never presented evidence this Court lacked diversity jurisdiction. Plaintiffs' new argument Nationstar has a Georgia member destroying diversity jurisdiction is a false statement to the Court. (*See* Opp. 4.) In fact, plaintiffs' only reference to a "Georgia member" in

their FAC and opposition is Nationstar's subsidiary, Hardwood Service Company of Georgia, LLC ("Hardwood"). (Opp. 4; FAC ¶9.) The upward ownership of a limited liability company's members determines its citizenship for purposes of diversity. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The downward citizenship of Nationstar's subsidiaries has no bearing on this Court's diversity jurisdiction. *See id.*

Plaintiffs' claims regarding the trust's citizenship also lack merit. (*See id.*) As explained, the trust cannot sue or be sued. *See Green*, 148 F.Supp.3d at 864. Its citizenship, regardless of the state, should not be considered. *See id.*

Plaintiffs' claim regarding Fortress' citizenship also misses the mark. (FAC ¶8.) They allege Fortress is diverse because it is a limited liability company and one of its subsidiaries is a Georgia citizen. (*Id.*) As stated, the test for evaluating the citizenship of a limited liability company is not based on the citizenship of its subsidiaries. The Court only looks to the citizenship of the company's members. *See Johnson*, 437 F.3d at 899. Plaintiffs do not and cannot allege Fortress has a Georgia member.

Plaintiffs' joinder of Fortress is also fraudulent. "[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotations omitted). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent, meaning that the defendant's citizenship may be ignored for diversity purposes." *Maghsoodi v. Assurant, Inc.*, No. CV 16-3867-GW(GJSx), 2016 Wl 4411479, *3 (C.D.Cal. Aug. 15, 2016) (slip copy) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotations omitted). Plaintiffs' failure to state a claim against Fortress is obvious. Their only mention of Fortress is as an investor in Nationstar and another defendant was "brought in" to prevent "blow-back" from damaging Fortress. (FAC ¶¶ 8, 14, 23, 33, 66, 121.) Plaintiffs allege no connection between Fortress and the deed of

trust, chain of assignments, foreclosure efforts or other alleged wrongdoing. Fortress' citizenship is irrelevant. *See id.* at *3.

Plaintiffs also claim Barrett Daffin Frappier Treder & Weiss LLP (**Barrett**) is a Georgia citizen because "Georgia lists Barrett as a current, in-good-standing *foreign* limited partnership." (FAC ¶10.) (emphasis added). As plaintiffs state, Barrett is foreign to Georgia. (*Id.*) Plaintiffs do not explain how Barrett Daffin, or any of its members, are Georgia citizens. *See Johnson*, 437 F.3d at 899.

### C. Plaintiffs' allegations regarding Aurora's exclusive assumption of all rights under the deed of trust have no merit.

Plaintiffs attempt to clarify in their opposition their claims have nothing to do with securitization, but instead allege Aurora assumed all rights under the deed of trust. (Opp. 2, 6, 8.) They then claim Aurora never assigned those rights to any other entity and defendants had no authority to assign the loan or pursue foreclosure. (*Id.*) This is the crux of their entire opposition. (*Id.* at 2, 5-9, 14, 16.) If this is truly what plaintiffs are alleging, all of their claims are entirely baseless.

Plaintiffs brought suit based on defendants' attempts to foreclose on the deed of trust dated August 24, 2005 and recorded in the Official Records of Ventura County on September 1, 2005 as document number 20050901-0218789. (*See* RJN, Ex. 1; FAC 8.) The deed of trust secures a loan plaintiffs obtained from America's Wholesale Lender (**AWL**) to refinance the property. (RJN, Ex. 1.) This is the deed of trust defendants referenced in recording all substitutions, assignments, and notices at issue in this litigation. (*See* FAC at Exs. 3-15.)

Plaintiffs now allege defendants have no interest in the deed of trust or authority to foreclose because Aurora was substituted as trustee and never assigned its rights. (FAC 15, n. 22-23, and Exs. 1 & 2; Opp. 6-7.) Plaintiffs reference and attach a substitution of trustee and a full reconveyance both dated October 4, 2005 to support their conclusion. (FAC 15, n. 22-23, and Exs. 1 & 2.) The substitution of trustee and reconveyance are for a completely different loan—the loan plaintiffs obtained before

they refinanced with AWL. (*Compare* RJN, Ex. 1 *with* FAC Exs. 1 & 2.) The substitution states Aurora was substituted as trustee for the deed of trust dated February 24, 2005 and recorded on March 3, 2005 as document number 20050303-0053132. (FAC at Ex. 1.) The reconveyance is also for the February 24, 2005 deed of trust. (FAC at Ex. 2.) Plaintiffs are looking at the wrong documents to make their baseless claims. Aurora was never substituted as trustee under the deed of trust at issue—the deed of trust dated August 24, 2005. Plaintiffs' arguments defendants never obtained a valid interest in the deed of trust because Aurora never assigned its interest are nonsensical.

### D. Plaintiffs' claims are barred by res judicata.

Plaintiffs allege their claims are not subject to res judicata because this action involves new defendants and newly discovered evidence. (Opp. 5-6.) Plaintiffs' rely on the substitution of Aurora as trustee and Judge Phillip S. Gutierrez's order denying transfer. (*Id.*) Both are irrelevant, and plaintiffs have not asserted new evidence or claims against new defendants in the FAC.

First, plaintiffs' theory they presented new evidence making res judicata inapplicable lacks merit. For the reasons stated above, the substitution of Aurora as trustee and Aurora's reconveyance have nothing to do with the claims asserted in the FAC. (*Compare* FAC Exs. 1 & 2 *with* FAC Exs. 3-15 and RJN Ex. 1.) Defendants had absolutely no involvement in the substitution and reconveyance, and defendants' foreclosure efforts are pursuant to an entirely different deed of trust. (*Id.*) If plaintiffs want to press forward with the substitution and reconveyance as the basis for their litigation, defendants must be dismissed because they never asserted any rights or recorded any documents pursuant to the prior February 24, 2005 deed of trust. (*Id.*) If plaintiffs instead rely on their allegations regarding securitization, these are nothing more than the same theories asserted in their four previous complaints. (*See* FAC ¶¶ 45-57; RJN, Exs. 12, 14 & 17.) Plaintiffs fail to argue any new evidence was asserted in the FAC precluding res judicata. (*See* Opp. 5-6.)

Second, res judicata prohibits lawsuits on "any claims that were raised *or could have been raised*" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted) (emphasis added). Plaintiffs' only excuse for not alleging the substitution of Aurora as trustee previously is they only recently did a thorough title search. (FAC n. 22.) The substitution was recorded in 2005. (FAC at Ex. 1.) It is not a new document which could not have been discovered earlier. The allegations do not constitute "new evidence" for res judicata purposes. *Id.*

Third, plaintiffs go to great lengths to argue Judge Gutierrez's order denying transfer means their claims are not barred by res judicata. (*See* ECF No. 21.) They apparently are unfamiliar with the process of removal from state court. Upon removal, defendants were required to fill out a civil case coversheet and identify any related cases for the court could determine if the matters should be consolidated or transferred to the same judge. Defendants identified plaintiffs' two prior lawsuits filed in the Central District of California on their civil coversheet, the first of which was in front of Judge Gutierrez. (ECF No. 3.) Judge Gutierrez simply determined it was unnecessary for him to hear plaintiffs' now fourth lawsuit. His order has no bearing on anything else. The transfer order was not a ruling pursuant to a motion to dismiss or other dispositive motion. (ECF No. 21.) It also has no res judicata effect and is not law of the case. *See Russell v. C.I.R.*, 678 F.2d 782, 785-786 (9th Cir. 1982) (explaining a judgement is not final for res judicata purposes if further judicial action is required to determine the matter litigated and the law of the case rule ordinarily only precludes a court from reexamining an issue previously decided by the same court in the same case). This Court also previously disregarded the order in ruling plaintiffs' original complaint was barred by res judicata. (*See* ECF Nos. 21 & 24 at 3.)

Fourth, plaintiffs' citations to California state court precedent to argue res judicata does not apply to the FAC is unavailing. (*See* Opp. 5-6.) Plaintiffs' earlier lawsuit in the Central District of California was dismissed for failure to prosecute. (RJN, Ex. 13.) The dismissal was not based on substantive state law, but rested solely

on federal procedural law. (*See* RJN, Ex. 18 at 14.) The Court must therefore apply federal claim preclusion law in evaluating res judicata. *See Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 679 (5th Cir. 2003) ("[T]he type of federal common law applied to a federal procedural dismissal, unlike a dismissal based on state substantive law, does not incorporate state law"); *accord Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001). (RJN, Ex. 18 at 14.) Federal claim preclusion law deems the prior dismissal for failure to prosecute a final judgment on the merits entitled to res judicata. *See* Fed.R.Civ.P. 41(b); *Semtek Int'l*, 531 U.S. at 509.

Fifth, plaintiffs cannot avoid res judicata by claiming they named new defendants. It is true plaintiffs added Fortress, Solutionstar, Title365 and Xome as defendants. But, plaintiffs have not pled a single allegation of wrongdoing against these entities. (*See* Motion at 5.) Plaintiffs failed to allege defendants acted contrary to the law or did anything other than record certain documents. (*See generally* FAC.) Their opposition is no different and provides no explanation of what actions defendants took to preclude dismissal. (*See generally* Opp.) Plaintiffs' addition of these defendants was nothing more than a baseless attempt to circumvent res judicata and argue this Court lacks diversity jurisdiction.

E. **Plaintiffs' alleged challenge to the recorded documents lacks merit.**

Plaintiffs argue they challenged the chain of recoded documents by arguing Aurora assumed all rights and never transferred those rights under the deed of trust. (Opp. 8-10.) They also make vague arguments regarding Barrett's failure to attest to the rescission of a notice of default and its business status. (*Id.* at 9-10.) These allegations do not save their FAC.

As explained in defendants' motion, plaintiffs' slander of title, HBOR violations, cancellation of instruments, and quiet title claims are based on their allegation the initial assignment from MERS to U.S. Bank is void and therefore the remaining chain of documents are invalid. (Motion at 7-9.) To successfully challenge an assignment of a mortgage in the non-judicial foreclosure context, "plaintiff [is] required to allege that

[an assignee] did not receive a valid assignment of the debt **in any manner**." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 271-272 (2011) (emphasis in original). Plaintiffs' only attempted explanation in their opposition of why U.S. Bank did not receive a valid assignment of the debt is because Aurora was substituted as trustee. (Opp. at 8.) But Aurora was never substituted as trustee under the operative deed of trust. *See* §II (C), *supra*. Plaintiffs' allegation in no way shows U.S. Bank was not assigned the debt. Plaintiffs point to nothing in the recorded documents to challenge U.S. Bank's ability to direct the foreclosure or to substitute new trustees under the deed of trust. *See Fontenot*, 198 Cal.App.4th at 271-272.

Plaintiffs' odd statements about Barrett's rescission of the notice of default and its registration with the California Secretary of State are misplaced. (Opp. 9-10.) They provide no explanation of why a *rescission* of a notice of default advances some alleged scheme or in any way shows Barrett lacked authority to record foreclosure-related documents. (*Id.*) Their allegation is also confusing as they argue the rescission is invalid because it was not signed by Barrett. (*See* Opp. 9.) But the rescission, which plaintiff's attach to the complaint as Exhibit 11, is signed. (FAC at Ex. 11.) Plaintiffs also fail to show why Barrett's business registration establishes U.S. Bank was not validly assigned the debt by MERS. There is simply no connection between the two. Because plaintiffs have not shown U.S. Bank was not validly assigned the debt in any manner, the chain of recorded documents remains unchallenged and plaintiffs' claims fail as a matter of law. *See Fontenot*, 198 Cal.App.4th at 271-272.

### F. Plaintiffs' cancellation of instruments and quiet title claims fail for failure to tender.

Plaintiffs argue they were not required to allege tender because they are contesting irregularities in the sale and the validity of the foreclosure. (Opp. 10.) They claim tender is excused when a plaintiff alleges the foreclosure deed is facially void. (Opp. 11.) Plaintiffs' arguments are again nonsensical. As plaintiffs admit, no foreclosure sale has occurred and no foreclosure deed was recorded. (FAC ¶ 67.) They

have not alleged irregularities in the sale because there was no sale. (*See* FAC § 10.) Plaintiffs fail to establish tender is not required.

Defendants' only mention the tender requirement with respect to two claims— plaintiffs' cancellation of instruments and quiet title claims. (Motion at 11-13.) Plaintiffs fail to acknowledge the fundamental aspects of these causes of action. Through them they seek to remove any cloud on title and for the Court to give them a free house. (FAC §§10 & 11.) This is not a situation where plaintiffs are seeking to unwind a trustee's sale and allow the deed of trust to remain on the property. Plaintiffs cannot clear their title until they have returned the principal amount they borrowed, *i.e.* paid their debt. *See e.g. Shimpones*, 219 Cal. at 649; *see also Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1991) (no quiet title action may lie without paying the debt, even if debt is otherwise unenforceable); *Pagtalunan v. Reunion Mortg. Co.*, No. 09-CV-00162, 2009 WL 961995, *5 (N.D.Cal. April 8, 2009). Plaintiffs do not contest they failed to tender. (Opp. 10-11.) Their cancellation of instruments and quiet title claims fail for this reason alone. Even if plaintiffs were not required to tender to assert these causes of action, they still fail for the additional reasons stated in defendants' motion. (Motion at 11-13.)

G.  **Plaintiffs quiet title claim fails because defendants do not have an interest in the property.**

Plaintiffs argue their quiet title claim survives because the trust has an interest in the property. (Opp. 11, 15.) The trust is not a proper party and cannot be sued individually. *See Green*, 148 F.Supp.3d at 864; *Greenspan*, 191 Cal.App.4th at 522.

Plaintiffs also fail to show the trust claims a superior property interest. Plaintiffs only allege the trust claims an interest in the mortgage and note. (Opp. 11.) The deed of trust only allows U.S. Bank to foreclose on the property upon plaintiffs' default. Plaintiffs still own the property. Neither U.S. Bank nor the trust currently claim a superior property interest. Plaintiffs failed to establish the necessary elements for their quiet title claim. *See e.g. West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780,

802-03 (2013) (sustaining demurrer to plaintiff's quiet title claim because no defendant claimed an adverse interest in title to the property).

Plaintiffs also failed to refute defendants' argument they cannot quiet title because they failed to show their right to unencumbered possession of the property. *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("[p]laintiffs must show that 'they are the rightful owners of the property, i.e. that they have satisfied their obligations under the Deed of Trust.'") Because plaintiffs have not shown they satisfied their debt obligations, their quiet title claim fails.

### H. Plaintiffs' HBOR violation claims fail.

Plaintiffs argue defendants violated the HBOR by filing a notice of default with an invalid declaration, failing to exercise the due diligence requirements, and attempting to foreclose without owning the debt. (Opp. 12-15.) All theories fail.

#### i. The notice of default declaration is valid.

Plaintiffs believe the notice of default declaration is invalid because it was executed three years ago and cancelled when Barrett Daffin recorded a rescission of notice of default. Plaintiffs provide no support for their conclusions.

First, plaintiffs' claim the declaration is stale and cannot support the notice of default under HBOR section 2924.17 is false. (*See* Opp. 12.) Section 2924.17 contains no requirement of how old the declaration can be when recording it with a notice of default. *See* Cal. Civ. Code § 2924.17. Section 2924.17 includes no timing requirement at all. *Id.* Section 2923.55, which requires the declaration be filed with the notice of default, only states the servicer must wait 30 days after contacting the borrower or satisfying the due diligence requirements before recording the notice of default. Cal. Civ. Code § 2923.55. As plaintiffs admit, the declaration was "complete, fine, lawful and permissible in 2014." (Opp. 12.) It is only due to plaintiffs' repeated and baseless lawsuits three years have elapsed since Nationstar completed its due diligence requirements. (*See* FAC at Ex. 13.) The statute does not require Nationstar to keep

attempting to contact plaintiffs each time they file a complaint. *See id.* Plaintiffs' efforts to avoid foreclosure do not render the declaration invalid.

Second, plaintiffs' argument the declaration was cancelled when Barrett recorded the rescission of notice of default lacks merit. (*See* Opp. 13.) They do not identify a single legal basis for arguing a declaration is cancelled when a notice of default is rescinded and a new declaration is required, likely because no obligation exists. (*Id.*) Their argument is nothing more than an attempt to add additional requirements to the non-judicial foreclosure process. California Civil Code sections 2924 through 2924k "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994). "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." *E.g. Assocs. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285 (1985). The declaration states Nationstar attempted with due diligence to contact plaintiffs without success and 30 days or more have passed since these due diligence efforts were satisfied. (FAC at Ex. 13.) Nothing more is needed. *See* Cal.Civ.Code §2923.55.

    ii. **Plaintiffs' claim defendants did not exercise due diligence is baseless.**

Plaintiffs next argue defendants gave no indication they exercised due diligence. (Opp. 13.) They apparently believe defendants were required to assert they satisfied their statutory obligation. Plaintiffs do not allege this theory as a basis for their HBOR violation claims in the FAC. (*See* FAC §9.) Their arguments should be disregarded this reason alone. Even if the Court indulges plaintiffs' conclusions, they miss the mark.

First, plaintiffs fail to acknowledge section 2924.17 does not place a burden on the foreclosing entity to demonstrate, prior to foreclosure, it has the right to foreclose. *Lucioni*, 3 Cal. App. 5th at 163 ("Sections 2924.17 and 2923.55 do not create a right to litigate, pre-foreclosure, whether the foreclosing party's conclusion that it had the right

to foreclose was *correct*."). They completely ignore this portion of defendants' motion. (*See* Motion 10.)

Second, plaintiffs' allegations do not meet the pleading standard. Plaintiffs merely allege defendants did not attempt to contact them. (Opp. 13.) Their claims are conclusory at best. (*Id.*) They barely recite the statute and fail to state facts sufficient to constitute a cause of action. *See Iqbal*, 556 U.S. at 664 (holding the complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement"); *Lopez v. Wells Fargo Bank, N.A.*, No. 16cv0811 AJB (DHB), 2016 WL 6893591, *10-11 (S.D.Cal. Nov. 23, 2016) (*slip copy*) (holding plaintiff's complaint consists of a formulaic recitation of the statutory requirements under section 2923.55 where he alleged defendant failed to send written notice before recording the notice of default and he must allege additional facts to substantiate his claim); *Major v. Wells Fargo Bank, N.A.*, No. 14-CV-998-LAB-RBB, 2014 WL 4103936, *3 (S.D.Cal. Aug. 15, 2014) ("The allegation that Wells Fargo did not contact them prior to initiation of foreclosure proceedings is a formulaic recitation of the statutory requirements framed as a cause of action").

Third, a declaration attached to a notice of default is sufficient to satisfy a defendant's obligations under section 2923.55. California federal district courts hold the declaration warrants both a denial of a request for a temporary restraining order and dismissal on a motion to dismiss. *E.g., Trepany*, 2015 WL 12745796 at *5; *Cabanilla v. Wachovia Mortg.*, No. 12-0228, 2012 U.S. Dist. LEXIS 39270, *11-12 (C.D.Cal. March 20, 2012) (granting motion to dismiss claim for violation of section 2923.55 on grounds the mortgage servicer's declaration complied with its obligations under the statute). The declaration attached to the notice of default here states "[t]he mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code §2923.55(f), but has not made contact despite such due diligence." (Compl. at Ex. 13.) This is conclusive defendants' satisfied section 2923.55's requirements.

       **iii.   Plaintiffs' have no basis to claim defendants lacked authority to foreclose.**

Plaintiffs allege defendants violated the HBOR because they attempted to foreclose without legal authority. (Opp. 14.) They argue defendants' lacked legal authority because they held no beneficial interest in the property or did not act on behalf of any party holding a beneficial interest in the property. (Opp. 14.) They do not assert any additional basis for their belief U.S. Bank does not own the debt. Defendants must assume it is based on their argument Aurora was substituted as trustee and never transferred those rights. For the reasons stated in section II (C), supra, plaintiffs' argument lacks even the slightest factual basis. Aurora was never assigned the deed of trust which gave U.S. Bank the authority to foreclose. (*See* RJN, Ex. 1; FAC, Exs. 1 & 2.) Plaintiffs have no basis for their claim U.S. Bank holds no interest in the debt.

**I.   Plaintiffs' slander of title claim fails.**

Plaintiffs again argue in their opposition defendants slandered their title in recording the assignments and foreclosure related documents because Aurora exclusively assumed all rights under the deed of trust. (Opp. 15-16.) Their claim is baseless. Aurora never assumed any rights under the deed of trust pursuant to which defendants acted, and plaintiffs point to no other reason why the chain of assignment to U.S. Bank is invalid. (*See* RJN, Ex. 1; FAC, Exs. 1 & 2; Opp. 15-16.)

Once the basis for plaintiffs' claim the foreclosure-related documents contain false information is taken away, the remainder of their arguments fall flat. Plaintiffs argue the recordings were not privileged because defendants knew they contained false information. (Opp. 16.) But, plaintiffs have not identified any false information in the documents and thus they have no basis to assume defendants acted maliciously in recording them. (Opp. 16.) Their slander of title claim should be dismissed with prejudice. *See* Cal.Civ.Code §2924(d); *see also Ogilvie v. Select Portfolio Serv'g*, No. 12-CV-001654-DMR, 2012 WL 3010986, at *3 (N.D.Cal. July 23, 2012).

### J. Plaintiffs' fail to address defendants' remaining arguments

Plaintiffs' opposition fails to address defendants' arguments plaintiffs failed to state any claims against Fortress, Solutionstar, Xome, and Title365. (*See* Motion 5.) They also fail to acknowledge defendants arguments for dismissal of plaintiffs' HBOR section 2924(a)(6) and 2924.12 claims. By failing to address or rebut the deficiencies raised in defendants' motion, they concede the claims fail as a matter of law.

Plaintiffs' claims against Fortress, Solutionstar, Xome, and Title365 fail because plaintiffs do not identify any wrongdoing by defendants in the FAC. Plaintiffs' section 2924(a)(6) claim fails because Civil Code section 2924(a)(6) does not create a private right of action nor does it allow a borrower to directly litigate a pre-foreclosure claim the foreclosing party lacked a beneficial interest in the deed of trust. *Lucioni v. Bank of Am., N.A.*, 3 Cal. App. 5th 150, 158-64 (2016). *Thompson v. JPMorgan Chase bank, N.A.*, No. 16-cv-06134-BLF, 2017 WL 897440, at **3-4 (Mar. 7, 2017). Plaintiffs' section 2924.12 claim fails because Civil Code section 2924.12 does nothing more than detail the types of relief available to a borrower where certain provisions of the HBOR are violated. *See* Cal.Civ.Code § 2924.12. It would not be possible for a party to violate any such provision.

### K. Plaintiffs should not be granted leave to amend.

"In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Id*.

Nationstar and U.S. Bank moved to dismiss plaintiffs' initial complaint pursuant to Rule 12(b)(6) on the grounds it failed to state a claim upon which relief can be granted and was barred by res judicata. (ECF No. 13.) Plaintiffs failed to respond to the motion. (ECF Nos. 23 & 24.) When asked to show cause why the motion should

not be granted with prejudice, plaintiffs averred they would present new evidence showing defendants never held a valid interest in the debt. (ECF No. 26.) It is now clear plaintiffs' statements were based on a completely irrelevant document. (*See* FAC, Ex. 1.) They also added new defendants without asserting a single basis of wrongdoing against them. (*See generally* FAC.) Despite receiving the opportunity to cure the fatal defects of their initial complaint, plaintiffs' FAC still fails to state a claim. Plaintiffs have demonstrated they cannot amend their pleading to cure its deficiencies. They have been at this for over five years, dragging defendants into this baseless litigation over and over again and failing to pay any rent for the property for over a decade. Plaintiffs still do not show in their opposition how the FAC can be further amended in any substantive or meaningful way to state a claim for relief. Defendants' motion should be granted without leave to amend. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) (Denial of leave to amend is proper if "any such attempt would be futile").

## III. CONCLUSION

For these reasons and those advanced in defendants' motion, defendants request the Court dismiss the entirety of plaintiffs' FAC with prejudice.

Dated: August 7, 2017

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Justin D. Balser*
Justin D. Balser
Attorney for Defendants
NATIONSTAR MORTGAGE LLC;
U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
LEHMAN XS TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2005-5N, *erroneously
named LXS 2005-5N*; FORTRESS
INVESTMENT GROUP LLC;
SOLUTIONSTAR HOLDINGS LLC,
*erroneously named Solutionstar
Services LLC*; TITLE 365 COMPANY;
and XOME HOLDINGS LLC,
*erroneously named Xome, Inc.*

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado. I am over the age of 18 and not a party to the within action. My business address is 1900 Sixteenth Street, Suite 1700, Denver, Colorado 80202.

On **August 7, 2017**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**DEFENDANTS' REPLY IN SUPPORT THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Felicia Tuitama
Liloi Tuitama
P.O. Box 506
Bowdon, GA 30108
*Plaintiffs pro per*

Nabeel M Zuberi
Buckley Madole PC
301 East Ocean Boulevard Suite 1720
Long Beach, CA 90802
*Attorney for NBS Default Services LLC*

☒ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Denver, Colorado.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

1  ☐  (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐  (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **August 7, 2017**, at Denver, Colorado.

_____Lisa King_____                    _____(Signature)_____
(Type or print name)